THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TODD R., <br><br>        Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, <br><br>        Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:23-cv-00039-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Todd R.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. The ALJ failed to properly evaluate the medical opinion of Plaintiff's psychologist Dr. Richard Potts ("Dr. Potts"), and this error is not harmless. Accordingly, the court reverses and remands the Commissioner's decision for further proceedings.

---

[1] ECF No. 5.

[2] 42 U.S.C. §§ 401-434.

[3] *Id*. §§ 1381-1383f.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various mental impairments. Plaintiff applied for DIB in April 2020[4] and applied for SSI in May 2020.[5] Plaintiff's applications were denied initially[6] and upon reconsideration.[7] On February 9, 2022, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[8] The ALJ issued a written decision on March 2, 2022, denying Plaintiff's claims for DIB and SSI.[9] Plaintiff appealed the adverse ruling, and, on November 21, 2022, the Appeals Council denied his appeal,[10] making the ALJ's decision final for purposes of judicial review.[11] On January 19, 2023, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[12]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[13] The Commissioner's findings, "if supported by substantial evidence,

---

[4] ECF No. 10, Administrative Record ("AR _____") 238-239.

[5] AR 240-246.

[6] AR 56-124.

[7] AR 131-138.

[8] AR 37-55.

[9] AR 14-36.

[10] AR 1-6.

[11] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[12] ECF No. 7.

[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

shall be conclusive."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[16] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[17]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[18] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[19]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[20]

---

[14] 42 U.S.C. § 405(g).

[15] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[16] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[17] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[18] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[20] *Williams*, 844 F.2d at 750-51 (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[21] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[22] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[23] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[24] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[25]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[26] "If the claimant is able to perform his previous work, he is not disabled."[27] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[28]

---

[21] 20 C.F.R. §§ 404.1525(a), 416.925(a); see also id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).
[22] Williams, 844 F.2d at 751.
[23] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).
[24] Id. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).
[25] Id. §§ 404.1545(a)(2), 416.945(a)(2).
[26] Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[27] Williams, 844 F.2d at 751.
[28] Id.

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[29] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[30] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[31] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[32]

## ANALYSIS

The ALJ failed to properly evaluate the medical opinion of Plaintiff's psychologist Dr. Potts because the ALJ did not provide adequate explanation for why Dr. Potts's opinion lacked supportability and consistency with other evidence. Under 20 C.F.R. § 416.920c, the ALJ does "not defer or give specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."[33] Instead, the ALJ evaluates medical opinion evidence using five factors: supportability, consistency, relationship with the claimant, specialization, and other factors such as "evidence showing a medical source has familiarity with the evidence in the claim or an understanding of [the agency's] disability program's policies and evidentiary requirements."[34] The

---

[29] *Id.*

[30] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[33] 20 C.F.R. § 416.920c(a).

[34] 20 C.F.R. § 416.920c(c)(5).

most important factors are supportability and consistency.[35] "Supportability" asks how closely connected the relevant objective medical evidence is to the supporting explanations offered by a medical source and "consistency" compares a medical opinion or prior administrative findings to the evidence.[36] An ALJ is required to articulate the persuasiveness of all medical opinions and prior administrative medical findings in a claimant's case record.[37] In support of the persuasiveness determination, an ALJ must *explain* how he or she "considered the supportability and consistency factors."[38] Additionally, an ALJ must consider other factors, but is not required to explicitly discuss them unless there are differing medical opinions on an issue and those opinions are equally well supported and consistent with the record.[39]

When reviewing an ALJ's compliance with these regulatory requirements, the court is mindful that an ALJ need not discuss every piece of evidence as long as the record demonstrates "that the ALJ considered all of the evidence."[40] "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."[41] Although the regulations do not discuss the depth with which the ALJ must discuss supportability and consistency, the Court

---

[35] 20 C.F.R. § 416.920c(a).

[36] 20 C.F.R. § 416.920c(c)(1)-(2).

[37] 20 C.F.R. § 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record.").

[38] 20 C.F.R. § 416.920c(b)(2).

[39] 20 C.F.R. § 416.920c(b)(2), (3).

[40] *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

[41] *Id.* at 1010.

6

of Appeals for the Tenth Circuit has stated that the bare minimum requires the ALJ to provide "enough detail such that the [c]ourt can follow the [ALJ's] reasoning and determine where the correct legal standards have been applied."[42] Herein lies the problem.

I. The ALJ's Evaluation of Dr. Potts's Opinion Lacks Sufficient Explanation.

The ALJ erred in failing to adequately articulate his reasons for finding Dr. Potts's opinion unsupported and inconsistent with other evidence. Without a way to follow the ALJ's reasoning, the court cannot assess whether the ALJ followed the proper legal standards.

Plaintiff began treating with Dr. Potts of Utah Valley Psychiatry and Counseling in November 2019 for depression and anxiety.[43] On March 31, 2021, Dr. Potts completed Plaintiff's physical and mental capacity assessments on a check-box form, concluding that Plaintiff had marked or extreme limitations in several areas.[44]

In crafting Plaintiff's RFC determination, the ALJ summarized Dr. Potts's opinions and found them unpersuasive for three reasons. First, the ALJ concluded that Dr. Potts's opinions were largely based on Plaintiff's subjective reports and not supported by objective medical evidence.[45] Second, the ALJ found that Dr. Potts's opinions were in the form of check-box style forms with only minimal explanation.[46] Finally, the ALJ stated that Dr. Potts's opinions were not consistent with Plaintiff's activities of daily living, his ability to travel, his ability to work as a

---

[42] *Smallwood v. Kijakazi*, No. 21-446, 2022 WL 4598499, at *3 (D.N.M. Sept. 30, 2022) (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)) (quotations omitted).

[43] AR 790.

[44] AR 795-99.

[45] AR 27.

[46] *Id.*

daycare, or his ability to live with others.[47] Plaintiff challenges each reason provided by the ALJ for discounting Dr. Potts's opinions. As discussed below, although the ALJ's second reason suffices, his first and third reasons are so lacking in detail that the court cannot determine whether the ALJ applied the proper standards.

First, the court cannot determine to what the ALJ was referring when he stated that Dr. Potts's opinions are broadly "not supported by objective medical evidence."[48] Dr. Potts treated Plaintiff from November 2019 through at least May 2021.[49] However, there is no indication in the ALJ's decision that the ALJ considered Dr. Potts's treatment notes or any other specific evidence that may have supported or undermined Dr. Potts's conclusions because the ALJ never specified which "objective medical evidence" he was referring to. There is no citation to the record that would give the court any reference as to what "objective medical evidence" the ALJ was considering when discounting Dr. Potts's opinion. Instead, the ALJ's "global reference to the record" makes tracing the ALJ's reasoning "nearly impossible."[50]

Nevertheless, the Commissioner contends that the ALJ's explanation was sufficient under *Webb v. Comm'r of Soc. Sec.*, which held that the ALJ need only have discussed evidence elsewhere in the decision in order for his supportability and consistency conclusions to be traceable.[51] However, in *Webb*, even though the ALJ's reference to "objective evidence" was

---

[47] *Id.*

[48] *Id.*

[49] AR 790-866.

[50] *See, e.g.*, *Dwyer v. Saul*, No. 20-80, 2021 WL 1574965, at *11 (D.N.M. Apr. 22, 2021).

[51] *Webb v. Comm'r of Soc. Sec.*, 750 Fed. App'x. 718, 721 (10th Cir. Oct. 18, 2018). In the ALJ's discussion of Dr. Puziss's opinion, the ALJ noted that "it appears that the limitation was based on

8

general, he included the phrase (i.e. "all discussed above") that allowed the court to know which evidence the ALJ was considering in his determination. Here, in contrast, the ALJ's discussion of other evidence occurs four pages *before* the ALJ's discussion of Dr. Potts's opinion. Without specific citations to the record in his discussion of Dr. Potts's opinion or any signal that the ALJ is referring to evidence previously stated in the decision, the court cannot understand what the ALJ is referencing as "objective medical evidence." In fact, the court is uncertain whether the ALJ is referring to "objective medical evidence" already discussed in his decision, or "objective medical evidence" compared to Plaintiff's subjective reports of his mental limitations.[52] Either way, "[t]his court is neither required—nor, indeed, empowered—to parse through the record to find specific support for the ALJ's decision."[53] Therefore, without more, the ALJ did not adequately explain his rejection of Dr. Potts's opinion.

Second, the ALJ failed to adequately explain why Plaintiff's activities of daily living, his ability to travel, his ability to work as a daycare, and his ability to live with others are inconsistent with Dr. Potts's opinions so as to garner an "unpersuasive" finding. "Simply identifying a purported inconsistency, without explaining *why* it is an inconsistency, is

---

[Mr. Webb's] subjective report rather than on objective evidence, as Dr. Puziss's records, and those of others, all discussed above, document minimal objective findings and none that would warrant a limitation to sedentary work." The Tenth Circuit found that the ALJ's reliance on these other medical opinions "all discussed above" was permissible because it was not difficult to determine what inconsistencies the ALJ relied upon.

[52] To the extent that the ALJ penalized Dr. Potts's opinion for reliance on Plaintiff's subjective reports of his mental limitations, "[t]he practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements." *Thomas v. Barnhart*, 147 Fed. App'x. 755, 759 (10th Cir. 2005).

[53] *Dwyer*, 2021 WL 1574965, at *11.

insufficient to meet the [r]egulation's articulation requirements."[54] Where there is not an obvious bridge between the cited evidence and the ALJ's conclusion, without further explanation, the reference to these activities do not provide valid bases for rejecting a medical opinion.[55] Accordingly, the court cannot follow the ALJ's reasoning on this point either.

 Given that this court's decisions are subject to review, the court is empathetic to an extremely busy ALJ trying to timely and accurately render decisions that impact both the lives of the people appearing before him and the public fisc. The court also recognizes that sending decisions back to that busy ALJ adds to the ALJ's already heavy burden in addition to imposing additional expenses on the claimant seeking benefits. However, these legitimate procedural concerns must take a back seat where, as here, the ALJ's decision has left this court with too few clues to enable it to see how the ALJ arrived at an important evaluation of the evidence that is significant to deciding the ultimate issue. Although the ALJ's decision does not provide "enough detail" to allow the court to "follow the [ALJ's] reasoning and determine where the correct legal standards have been applied,"[56] the court can still look past that error if it is harmless. Unfortunately, the error here isn't.

---

[54] *J.T.L. v. Kijakazi*, No. 22-CV-02343-NYW, 2023 WL 5017241, at *8 (D. Colo. Aug. 7, 2023) (citing to *Landon B. v. Kijakazi*, No. 2:21-CV-00217, 2022 WL 4365953, at *6 (D. Utah Sept. 21, 2022)).

[55] *See, e.g.*, *Landon B.*, 2022 WL 4365953, at *6 (finding that the ALJ failed to adequately articulate the consistency factor where the ALJ stated that the claimant "was able to drive but . . . did not explain how this was inconsistent with [Plaintiff's] assessed limitations or otherwise relevant to [the provider's] opinion.").

[56] *Smallwood*, No. 21-446, 2022 WL 4598499, at *3 (quoting *Keyes-Zachary*, 695 F.3d at 1166 (quotations omitted)).

### II.     The ALJ's Failure to Properly Evaluate Dr. Potts's Opinion is not Harmless Error.

The ALJ's failure to properly evaluate Dr. Potts's opinion is not harmless error because, if the ALJ had deemed Dr. Potts's opinion persuasive, this may have altered the ALJ's disability determination. The failure to adequately articulate the consistency and supportability factors only constitutes harmless error "if there is no inconsistency between the opinion and the ALJ's [RFC assessment]."[57] In such a case, the ALJ's failure does not prejudice the Plaintiff because the outcome would have remained the same even if the opinion were deemed persuasive.[58] As shown below, the ALJ's determination of an RFC is inconsistent with Dr. Potts's opinions.

On the one hand, Dr. Potts opined that Plaintiff: (1) would be absent from work more than four days per month because of his mental and emotional impairments and (2) will need to take unscheduled work breaks every 60 minutes for roughly ten minutes.[59] On the other hand, the ALJ determined that Plaintiff has the RFC to perform work at all exertional levels without any of the limitations that Dr. Potts mentioned.[60]

The distinction between Dr. Potts's opinions and the ALJ's RFC determination are significant to the ultimate issue of whether Plaintiff is disabled. By illustration, at Plaintiff's administrative hearing, the ALJ posed a hypothetical to the vocational expert ("VE") about an individual with Plaintiff's age, education, work experience, and RFC.[61] Among other things, the VE testified that such an individual could perform "some pretty isolated jobs" such as janitor,

---

[57] *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014).

[58] *Id.* at 579.

[59] AR 27.

[60] AR 23.

[61] AR 51-52.

floor cleaner, or hand launderer.[62] The ALJ asked the VE whether, if this hypothetical was amended such that the individual would be "off task for any reason 20 percent of the work week . . . week after week on an ongoing basis," this individual could perform and sustain work in the national economy.[63] The VE testified that 20 percent was a "too high off task percentage and [would] preclude[] full-time competitive employment."[64] Indeed, if being off task 20 percent of the time is "too high" to be employed, then having to take unscheduled breaks every 60 minutes for roughly ten minutes and being absent from work more than four days per month because of his mental and emotional impairments would clearly make Plaintiff incapable of holding down the jobs that the VE found in the national economy.[65] Thus, if the ALJ had deemed Dr. Potts's opinion persuasive—particularly Dr. Potts's estimation of the amount of time Plaintiff will be "off task," or absent from work—this may have altered the ALJ's conclusion that Plaintiff could perform work at all exertional levels. Thus, the inconsistencies between the ALJ's RFC

---

[62] AR 52.

[63] AR 53.

[64] *Id.*

[65] Assuming Plaintiff would be working an eight-hour workday, taking an unscheduled ten-minute break every 60 minutes equates to 70 minutes "off task" per workday. Over the course of a week, this amounts to 350 minutes off task, or approximately 6 hours off task. Six hours of a forty-hour work week is 15 percent of the week off-task. And, if Plaintiff were absent from work four days out of the month, this could represent an additional 18.5 percent that Plaintiff is "off task" each week by not even being at work. If the court assumes that Plaintiff would work 2,080 hours per year (52 weeks/year x 40 hours/week) but took off 4 days per month (12 months x 4 days/month) = 48 days/year x 8 hours/day = 384 hours/year), then Plaintiff would be off task about 18.5 percent of the time (384 hours off per year/2,080 hours per year = 18.5 percent rounded to the nearest tenth). Between these two limitations, Plaintiff would be off task much more than 20 percent of the time, which would make him disabled. Consequently, a material inconsistency exists between Dr. Potts's opinion and the RFC, which precludes the court from finding harmless the ALJ's failure to adequately discuss the aforementioned inconsistency.

determination and Dr. Potts's conclusions are too different to enable a finding of harmless error. Therefore, the court remands the case so the ALJ can fully consider and articulate the reasons for his treatment of the more restrictive limitations in Dr. Potts's opinion.

## CONCLUSION AND ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS that the Commissioner's decision is REVERSED AND REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 31st day of October 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge