THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TODD R., <br><br>  Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, [1] <br> **Acting Commissioner of Social Security,** <br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:23-cv-00039-JCB <br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[2] Before the court is Plaintiff Todd R.'s ("Plaintiff") motion for an award of fees[3] under the Equal Access to Justice Act ("EAJA").[4] Commissioner of Social Security Martin J. O'Malley ("Commissioner") opposes the motion,[5] arguing that the Commissioner's litigation position was substantially justified and, therefore, Plaintiff is not entitled to an EAJA award. Based upon the

---

[1] Martin J. O'Malley is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted for Acting Commissioner of Social Security Kilolo Kijakazi as the Defendant in this case.

[2] ECF No. 5.

[3] ECF No. 22.

[4] 28 U.S.C. § 2412.

[5] ECF No. 24.

following analysis, the court finds that the Commissioner's position was substantially justified. Accordingly, Plaintiff's motion is denied.

## BACKGROUND

On January 19, 2023, Plaintiff filed his complaint in this case[6] seeking review of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits[7] and Supplemental Security Income.[8] After the Commissioner filed the administrative record answer,[9] Plaintiff filed his motion for review of agency action.[10] Plaintiff's motion argued that substantial evidence did not support the Commissioner's final decision because the Administrative Law Judge ("ALJ") failed to properly evaluate the medical opinion of Plaintiff's psychologist Dr. Richard Potts ("Dr. Potts").[11] In finding that this error by the ALJ was not harmless, the court reversed the Commissioner's decision and remanded the case for further proceedings.[12]

Plaintiff now moves for fees under EAJA.[13] The Commissioner objects to an award of EAJA fees because there was a reasonable basis in law and fact for the Commissioner's position

---

[6] ECF No. 7.

[7] 42 U.S.C. §§ 401-434.

[8] *Id.* §§ 1381-1383f.

[9] ECF No. 10, Administrative Record ("AR _____").

[10] ECF No. 13.

[11] *Id.* at 10-17.

[12] ECF No. 20.

[13] ECF No. 22.

on the issue that led to remand.[14] In his reply, Plaintiff seeks not only his original requested award of EAJA fees and expenses but also an additional EAJA fee award for drafting the reply.[15]

### LEGAL STANDARDS

Under the EAJA, Plaintiff is entitled to an award of attorney and paralegal fees[16] if: "(1) [he] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[17] Where, as here, a Social Security disability claimant obtains a remand pursuant to 42 U.S.C. § 405(g), he is the prevailing party for purposes of EAJA.[18] The Commissioner does not assert any special circumstances that would make an award of fees unjust. Accordingly, the only issue in dispute is whether the Commissioner's position was substantially justified, and the Commissioner bears the burden to show that his position was substantially justified:

> The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person.

---

[14] ECF No. 24.

[15] ECF No. 25 at 6.

[16] *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (concluding that reasonable hours for work performed by non-attorneys, such as paralegals, are recoverable under the EAJA).

[17] *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.").

[18] *Hackett*, 475 F.3d at 1168.

> The [Commissioner's] position can be justified even though it is not correct.[19]

"A position taken by the ALJ or government that contravenes longstanding agency regulations, as well as judicial precedent is not substantially justified."[20] The government is more likely to meet the substantial justification standard "when the legal principle on which it relied is unclear or in flux."[21] A finding of substantial justification is within the discretion of the trial court.[22]

For purposes of EAJA fees, the government's position is both the stance it took in the underlying administrative proceeding and in subsequent litigation defending that stance.[23] EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position."[24] However, the United States Court of Appeals for the Tenth Circuit recognizes an exception to this rule when the government advances a reasonable litigation position that "cure[s] unreasonable agency action."[25] At the EAJA stage, the court is tasked with taking a "fresh look occasioned by the application of the 'substantially justified' standard" to reach a judgment independent from the court's earlier decision on the merits.[26]

---

[19] *Id.* at 1172 (quotations and citations omitted).

[20] *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (quotations and citations omitted).

[21] *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (quotations and citations omitted).

[22] *Hackett*, 475 F.3d at 1172.

[23] *Id.* at 1170.

[24] *Id.* at 1174.

[25] *Id.* at 1173-74.

[26] *F.E.C. v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986).

4

## ANALYSIS

The Commissioner's litigation position, albeit unsuccessful, was substantially justified. When the court reviews a request for EAJA fees, "it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is, whether its litigating position was *reasonable* even if wrong."[27] "[I]t does not necessarily follow from [a] decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification."[28]

Although the court ultimately rejected the Commissioner's arguments, the Commissioner defended the ALJ's decision by contending that *Webb v. Comm'r of Soc. Sec.*[29] allowed the court to affirm. The *Webb* court held that the ALJ need only have discussed evidence elsewhere in the decision for his supportability and consistency conclusions to be traceable. The Commissioner also relied on *Garland v. Dai*,[30] to argue that "a reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned." However, in *Webb*, even though the ALJ's reference to "objective evidence" was general, the ALJ included the phrase (i.e. "all discussed above") that allowed the court to know which evidence the ALJ was considering in his determination. In the instant case, the ALJ's discussion of other evidence occurred four pages before the ALJ's discussion of Dr. Potts's opinion and did not include specific citations to the record in his discussion of Dr. Potts's opinion or any other indicia that the

---

[27] *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

[28] *Id.* at 1258.

[29] 750 F. App'x 718, 721 (10th Cir. 2018).

[30] 141 S. Ct. 1669, 1679 (2021).

ALJ was referring to evidence previously stated in the decision. Consequently, the court could not understand what the ALJ was referencing as "objective medical evidence."[31] The court was "[not] required—nor indeed, empowered—to parse through the record to find specific support for the ALJ's decision."[32] Therefore, the court found that the ALJ's discussion of Dr. Potts's opinion did not allow the court to follow the ALJ's reasoning to determine whether the ALJ had applied correct legal standards in finding Dr. Potts's opinion unpersuasive.

The Commissioner also argued that the ALJ made a logical bridge between Plaintiff's daily activities and his evaluation of Dr. Potts's opinions because, once again, the ALJ had discussed Plaintiff's activities elsewhere in the decision.[33] In other words, the Commissioner contended that the ALJ's decision *as a whole* demonstrated that the ALJ explicitly considered all of the evidence in deciding whether Dr. Potts's opinions were persuasive and that Plaintiff's argument was merely an improper request that the court reweigh the evidence.[34] The court also rejected this argument. The court then concluded that the ALJ's failure to properly evaluate Dr. Potts's opinion was not harmless error because, if the ALJ had deemed Dr. Potts's opinion persuasive, this may have altered the ALJ's disability determination.[35] Accordingly, the court remanded the case so that the ALJ could fully consider and articulate the reasons for his treatment of the more restrictive limitations in Dr. Potts's opinion.[36]

---

[31] ECF No. 20 at 9.

[32] *Dwyer v. Saul*, No. 20-80 JFR, 2021 WL 1574965, at *11 (D.N.M. Apr. 22, 2021).

[33] ECF No. 18 at 12.

[34] *Id.* at 13.

[35] ECF No. 20 at 11-13.

[36] *Id.* at 13.

Now, in opposition to Plaintiff's motion for EAJA fees, the Commissioner contends that "a reasonable mind could have believed that the ALJ's decision, read as a whole, made it apparent that Dr. Potts's opinion was not supported by the objective evidence presented in Dr. Potts's own treatment notes (or otherwise presented in treatment notes, for that matter)."[37] Thus, the Commissioner submits that "he had a reasonable basis for believing the ALJ's discussion of the opinion evidence was referencing the other evidence discussed earlier in his decision."[38] The Commissioner also contends that "an individual could reasonably have believed there was an obvious connection between [Plaintiff's] activities and the ALJ's consistency conclusion—particularly given that the ALJ explicitly identified this connection earlier in his decision."[39] Because Dr. Potts opined that Plaintiff had marked-extreme limitations in his ability to interact with others, the Commissioner argues it was reasonable to believe the ALJ was refuting Dr. Potts's opinion by contrasting it with Plaintiff's positive social activities discussed earlier in the ALJ's decision. Thus, the Commissioner cites to the Tenth Circuit's decision in *Hays v. Berryhill* for the proposition that a "fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position."[40]

The court agrees. Although the court was "empathetic" about adding to the ALJ's "already heavy burden" when it remanded this case, the court was unfortunately left with "too few clues to enable it to see how the ALJ arrived at an important evaluation of the evidence that

---

[37] *Id.* at 6.

[38] *Id.* at 7.

[39] *Id.* at 9.

[40] 694 F. App'x 634, 638 (10th Cir. 2017).

is significant to deciding the ultimate issue."[41] "[A]n ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification."[42] The fact that the court was ultimately unpersuaded by the Commissioner's arguments about the clarity of the ALJ's decision and distinguished the instant case from *Webb* does not mean the Commissioner's position lacked substantial justification. The Commissioner's position that the ALJ's reasoning was traceable was "reasonable even if wrong."[43] The court could not look past the ALJ's error and affirm the Commissioner's decision, as the error was not harmless. Even so, the Commissioner's position prior to remand was reasonable in fact and law and therefore "substantially justified." Consequently, Plaintiff is not entitled to attorney fees under the EAJA.

## CONCLUSION AND ORDER

Based on the foregoing analysis, the court DENIES Plaintiff's motion for an award of fees.[44]

IT IS SO ORDERED.

DATED this 11th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[41] ECF No. 20 at 10.

[42] *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014).

[43] *Madron*, 646 F.3d at 1257.

[44] ECF No. 22.